ROSINA DE LUCIA, BY HER NEXT FRIEND, ET AL.,
PLAINTIFFS, v. ANTON BLEHA AND EDWARD BLEHA,
DEFENDANTS.

Submitted January 29, 1927—Decided May 13, 1927.

**Negligence—Injury by Automobile to Small Child While Walking in the Road—Testimony of Defendant That He Used Due Care and Had His Car Under Control, That the Child Ran in Front of His Car and That the Car was Stopped Within Its Own Length, All Facts For Jury Consideration— No Error Found in Charge—Judgment Affirmed.**

On plaintiffs' rule to show cause why defendants' verdict should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Mr. Justice TRENCHARD.

For the rule, *Theodore Strong.*

*Contra, William K. Flanagan (John Trier,* of counsel).

PER CURIAM.

This is plaintiffs' rule to show cause why a verdict in favor of defendants should not be set aside.

The defendants were the driver and the owner of an automobile. The plaintiffs were a child five years of age (who sued by her next friend) and her father.

This child, together with three other children, was walking along the public highway on her right-hand side of the concrete part of the highway. Defendants' automobile was being driven along this public highway and was on the driver's right-hand side of the road and on the concrete near his right-hand edge of the concrete. The weight of the testimony was that the speed of the car was from sixteen to twenty miles an hour; that when about twenty-five feet away the driver blew the horn to warn the children of his approach; that shortly thereafter, when he was about seven or eight feet from the children, the little girl, plaintiff, suddenly ran in

front of the car; that the driver instantly applied the brakes and pulled to his right; but, nevertheless, struck the child; that the car was stopped within its own length.

This, obviously, presented a typical jury case, and we cannot disturb the verdict upon the theory that it was against the weight of the evidence.

It is also said that the verdict is contrary to the court's charge, as follows:

"Now I charge you that it was his duty to keep the car under such reasonable control as to be able to stop it in time to prevent the striking of the children, assuming that he was able to see them in time to do so."

But, manifestly, it was not, for the jury is presumed to have found that the driver was unable to stop the car in time to avoid striking the child, after she had given indication of putting herself in the way of the car.

The next point is that the court erred in refusing to charge plaintiffs' second request. But we think that the court was not obliged to charge it because it had no application to the state of facts appearing in evidence.

It is next said that the court erred in refusing to charge the fifth request. That we think was not erroneous; but if it was it was harmless, because the request related to the duty of the owner of the car, and the owner of the car could not be liable in the absence of negligence of the driver, which the jury found did not exist.

For the same reasons we think there was no error in refusing to charge plaintiffs' eleventh request.

The testimony of the witness, which was stricken out, about his having been in the Middlesex county workhouse, we think was properly stricken out. The proper question was whether or not he had been convicted of crime. That question was put and was answered by the witness in the negative. There was no effort to show that he was there under conviction for any crime, or upon a plea of *non vult,* nor was there any proposal to contradict him by the production of a record of his conviction.

The rule will be discharged, with costs.